**\*\* E-filed July 20, 2011 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BRUCE BOSTON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KAMALA HARRIS, in her official capacity<br>as Attorney General of California,<br><br>　　　　　Defendant.<br>_____/ | No. C11-01873 HRL<br><br>**ORDER FOLLOWING JULY 12, 2011<br>CASE MANAGEMENT<br>CONFERENCE** |

　　　　The order that follows is based on the discussion at the July 12, 2011 Case Management Conference.

　　　　At the conference, which only *pro se* plaintiff Bruce Boston attended, the Court explained to Boston that it did not appear he had properly served defendant Kamala Harris. See Docket No. 4 ("Proof of Service"). While under Federal Rule of Civil Procedure 4(e), Boston may serve Harris pursuant to California law, his attempt to serve to her pursuant to California Code of Civil Procedure § 415.30 appears to have failed because she did not return an acknowledgement of service. See Thierfeldt v. Marin Hosp. Dist., 35 Cal.App.3d 186, 199 (1st Dist. 1973) ("Code of Civil Procedure section 415.30, effective July 1, 1970, which authorizes service of summons by mail, expressly predicates the efficacy of such service upon the execution and return of an acknowledgment of service. If the party addressed fails to do so, there is no effective service, he merely becomes liable for the reasonable expenses of service in a more conventional manner.").

Upon hearing this explanation, Boston suggested that service may be effectuated pursuant to Federal Rule of Civil Procedure 5.1. Rule 5.1 requires that a party challenging the constitutionality of a federal or state law file a notice of the constitutional challenge upon the United States Attorney General or state attorney general, and it also requires the court to certify that such a challenge has been made. See FED. R. CIV. P. § 5.1(a), (b). Nothing in the text or commentary to Rule 5.1, however, indicates that it is an alternative to service of process under Rule 4. In other words, Boston must still serve Harris pursuant to Rule 4.

Boston also requested an order granting him access to this District's Electronic Case Filing ("ECF") system. *Pro se* parties may be allowed access to ECF, but only with court approval. To access ECF, a party must meet certain technical requirements and must also agree to abide by the rules and orders of the court. See ECF CALIFORNIA NORTHERN, https://ecf.cand.uscourts.gov/cand/newreg/reg-pro-se-reg.htm (last visited July 13, 2011) (stating that the technical requirements include: (1) access to a personal computer; (2) access to a scanner; (3) internet access; (4) a valid email account; (5) word processing software; and (6) a PDF reader and writer). Accordingly, for his request to be considered further, Boston shall file a declaration describing his ability to meet the technical requirements. Once his declaration is filed, the Court will issue its ruling on the matter.

Boston also requested access to this Court's law library. According to this District's civil local rules, the library is "primarily for the use of Judges and personnel of the Court . . . [and] [i]n addition, attorneys admitted to practice in this Court may use the library where circumstances require for actions or proceedings pending in the Court." CIV. L. R. 77-7. Boston is not an attorney, and he has not expressed any particular reason why he needs access to this particular library. In fact, other law libraries are likely better alternatives for him. For instance, the Santa Clara County Law Library, which is located at 360 North 1st Street, San Jose, California, 95113-1004 (which is only a few blocks away from this Court's library), is open to the public for longer hours and on more days than this Court's library is, and it has onsite computer access. See SANTA CLARA COUNTY LAW LIBRARY, http://sccll.org/ (last visited July 14, 2011). Accordingly, the Court DENIES his request for access to this Court's library.

A further case management conference is set for Tuesday, September 13, 2011. The parties shall file a joint case management statement no later than September 6, 2011.

**IT IS SO ORDERED.**

Dated: July 14, 2011



_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C11-01873 HRL Notice will be electronically mailed to:**

**Notice will provide by other means to:**

Bruce Boston
19053 Stevens Creek Boulevard
Suite 220
Cupertino, CA 95014

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**