**\*\* E-filed August 11, 2011 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BRUCE BOSTON,<br><br>    Plaintiff,<br><br>    v.<br><br>KAMALA D. HARRIS, in her official<br>capacity as Attorney General of California,<br><br>    Defendant. | No. C11-01873 HRL<br><br>**ORDER (1) DENYING AS MOOT PLAINTIFF'S MOTION TO ESTABLISH EFFECTIVE DATE OF SERVICE AND (2) DENYING PLAINTIFF'S REQUEST FOR ACCESS TO COURT LIBRARY**<br><br>**[Re: Docket Nos. 8, 9]** |

Pro se plaintiff Bruce Boston ("Boston") filed this complaint against Kamala Harris ("Harris") in her official capacity as Attorney General of California, challenging the constitutionality of state laws that prohibit the use of headphones while driving a motor vehicle or bicycle. On April 19, 2011 Boston attempted to serve process upon Harris by mail, in accordance with California Code of Civil Procedure section 415.30, but his attempt failed.[1] See Docket No. 7 ("Order Following July 12, 2011 Case Management Conference").

On July 25, 2011, plaintiff Bruce Boston ("Boston") filed a motion seeking an order establishing the effective date of the service of the complaint and summons on defendant Kamala Harris ("Harris"). Docket No. 8. However, on August 8, 2011, Harris responded that she had

---

[1] California Code of Civil Procedure section 415.30 allows service of process by mail, and requires the recipient to complete and return the form to the sender within twenty days of receipt or face potential liability for reasonable expenses of service in another manner permitted by law. See Cal. Code Civ. Proc. § 415.30. Harris did not return the form within the required twenty-day statutory period, so service was not effectuated.

accepted personally service of process on July 29, 2011. Docket No. 10. Accordingly, Boston's motion is DENIED AS MOOT. Harris has until August 19, 2011 to answer or otherwise respond to Boston's complaint. FED. R. CIV. P. 12(a)(1)(A)(i).

Boston also filed a motion for access to this Court's law library. Docket No. 9. This Court previously denied Boston's earlier request for such access. Docket No. 7 at 2. In doing so, it explained that the Santa Clara County Law Library, which is located only a few blocks away from this Court's library at 360 North 1st Street, San Jose, California, 95113-1004, is open to the public for longer hours and on more days than this Court's library is, and has onsite computer access (and this Court's library does not). See Santa Clara County Law Library, http://sccll.org/ (last visited July 14, 2011). Boston again has presented no persuasive, applicable argument why the Santa Clara County Law Library does not suffice. His motion is DENIED.

**IT IS SO ORDERED.**

Dated: August 11, 2011

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C11-01873 HRL** N**otice will be electronically mailed to:**

Anthony Paul O'Brien anthony.obrien@doj.ca.gov

**Notice will be mailed to:**

Bruce Boston
19053 Stevens Creek Boulevard
Suite 220
Cupertino, CA 95014

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**